Barretville Bank & Trust Co. v. Commissioner.
Barretville Bank & Trust Co. v. Commissioner
Docket No. 68791.
United States Tax Court
T.C. Memo 1958-148; 1958 Tax Ct. Memo LEXIS 77; 17 T.C.M. (CCH) 749; T.C.M. (RIA) 58148; July 31, 1958
*77 Edgar A. Ryerson, C.P.A., 99 North 3rd Street, Memphis, Tenn., for the petitioner. Lester R. Uretz, Esq., for the respondent. TIETJENS
Memorandum Opinion TIETJENS, Judge: The Commissioner determined deficiencies in income tax for the years 1954 and 1955 in the amounts of $23,717.37 and $21,495.01, respectively. The question for decision is whether the petitioner is entitled to deductions for depreciation in the taxable years of 10 per cent of the cost of depreciable property in addition to depreciation on a straight line method. [Findings of Fact] All of the facts are stipulated and are so found. Petitioner is a Tennessee banking corporation operating a bank and five branches in Shelby County, Tennessee. Its income tax returns were filed with the director of internal revenue at Nashville, Tennessee. In a report to the petitioner from the State Bank Examiners, State of Tennessee, Division of Banking, dated November 15, 1954, the following excerpt appears: "An examination of the total fixed assets carried on the books at date of this examination represents a heavy capital investment and as directed in prior examinations special attention should be given *78 to reduce the book value to more conservative proportions. Since the regular annual depreciation in effect will reduce the investment slowly, it is believed and so, ordered that it should be additionally depreciated annually not less than 10% of its original investment." In a report to the petitioner from the State Bank Examiners, State of Tennessee, Division of Banking, dated November 26, 1955, the following excerpt appears: "An examination of the total fixed assets carried on the books at the date of current examination represents a heavy investment and as directed in prior examinations special attention should be given to reduce the book value to a more conservative figure. Since the regular annual depreciation in effect will reduce this investment slowly, it is believed and so ordered that it should be additionally depreciated annually not less than 10% of its original investment." In its corporation income tax returns for the calendar years 1954 and 1955 the petitioner claimed deductions for depreciation computed on the straight line method, plus additional depreciation of 10 per cent of the original cost of all depreciable property. [Opinion] The respondent in the *79 statutory notice of deficiency determined that the petitioner was not entitled to depreciation of 10 per cent of the cost of depreciable property in addition to depreciation computed by the straight line method for the taxable years involved. The petitioner's argument is succinct. The issue is stated to be "Whether the petitioner should be allowed the amount of depreciation ordered written off by the Bank Examiners." After summarizing the stipulated facts, the petitioner concludes on brief that the deficiencies for "Both years were based on an increase of adjusted net income by the disallowance of depreciation written off in obedience to the Bank Examiners. "It follows that the deficiency determined by the respondent in this proceeding is in error." The petitioner cites no authorities for its position. As a matter of fact, the courts have consistently held that rules of accounting forced on taxpayers by regulatory agencies or bodies are not binding upon the Commissioner of Internal Revenue in determining income tax liability. ; ; ; *80 , affd. (C.A. 9, 1951). The petitioner has introduced no evidence to show that depreciation by the straight line method employed by the petitioner and allowed by the Commissioner was in any way unreasonable. Neither has any evidence been introduced to show that the 10 per cent additional depreciation ordered by the state bank examiners had a more reasonable basis for Federal income tax purposes than the straight line depreciation. The petitioner has failed to show error in the Commissioner's determination. Decision will be entered for the respondent.